# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

SEP 2 6 2007

JOHN F. CORCORAN, CLERK
BY: _____
    DEPUTY CLERK

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>ROY LEE GILLIAM,<br>Defendant. | )<br>)<br>)<br>) Case No. 2:90cr00007<br>)<br>) **MEMORANDUM OPINION**<br>)<br>)<br>) By: GLEN M. WILLIAMS<br>) SENIOR UNITED STATES DISTRICT JUDGE |

### I. Background

This case is currently before the court on the defendant's Motion for Modification of Sentence, (Docket Item No. 12), ("Motion"), which was filed on July, 26, 2007. In accordance with this court's order, the government filed a response on August 30, 2007. (Docket Item No. 14.) Thereafter, the defendant filed a reply to the government's response and requested appointment of counsel and a resentencing hearing, (Docket Item Nos. 15 and 16), ("Reply").

The defendant, Roy Lee Gilliam, is currently serving a term of imprisonment at the Federal Correctional Institute in Ashland, Kentucky. (Motion at 10.) Gilliam's imprisonment stems from an indictment on May 23, 1990, alleging various money laundering and drug trafficking charges, namely, (1) conspiracy to conduct and attempt to conduct financial transactions affecting interstate commerce (money laundering), in violation of 18 U.S.C. § 371; (2) money

laundering, in violation of 18 U.S.C. §§ 2, 1956(a)(1)(A)(i), (B)(i) and (ii) and 31 U.S.C. §§ 5313, 5324(3) and 5322(b); (3) conspiracy with intent to distribute marijuana, in violation of 21 U.S.C. § 846; (4) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); and (5) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). *See United States v. Gilliam*, 975 F.2d 1050, 1052 (4th Cir. 1992).

In the indictment, the grand jury charged that Roy Lee Gilliam and his father, Elic Gilliam, had been involved in marijuana cultivation and distribution from 1981 through February of 1990, growing marijuana on a farm in Oregon and transporting it to Virginia for distribution. *See Gilliam*, 975 F.2d at 1052. The indictment also alleged that the Gilliams had spent in excess of one million dollars over and above their legitimate sources of income. *See Gilliam*, 975 F.2d at 1052.

The indictments were the result of a search of a farm owned by the Gilliams in Virginia, simultaneous with a search of Elic's farm in Oregon. *See Gilliam*, 975 F.2d at 1052. On the Virginia farm, officers recovered marijuana, triple beam scales, drying lights and eleven grams of cocaine. *See Gilliam*, 975 F.2d at 1052. The officers also recovered approximately $112,000.00 cash in various places on the farm, some of which was recovered from a locked truck. *See Gilliam*, 975 F.2d at 1052; *see also* Presentence Report, Aug. 7, 1991, ("PSR"), at ¶ 8. Also inside the locked truck, officers located a notebook containing terms such as "Big Buds" and other purported marijuana-related terms. *See Gilliam*, 975 F.2d at 1052-53.

Likewise, on the Oregon farm, officers found evidence of a recently harvested field, which they determined to have grown approximately 3,000 marijuana plants, trashcans containing 127 pounds of marijuana, two triple beam

scales, working gloves and tarps that smelled like marijuana and various packages of marijuana seeds. *See Gilliam*, 975 F.2d at 1053. From 1985 to early 1990, the record shows that the Gilliams spent $590,051.77 in cash and that between 1981 and 1989 total expenditures totaled $1,316,257.90. PSR at ¶¶ 15, 40.

On March 20, 1991, a jury found Gilliam guilty of multiple counts of money laundering, conspiracy and intent to distribute marijuana and cocaine. *See Gilliam*, 975 F.2d at 1053; *see also* PSR at ¶ 18. Gilliam did not accept responsibility for his conviction and stated, "it was a set up deal." PSR at ¶ 20. Gilliam admitted, however, to being guilty of possessing less than ¼ of an ounce of marijuana found in his trailer. PSR at ¶ 20.

## II. Defendant's Argument

Gilliam argues that this court should modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), which states in relevant part:

(c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that —

. . .

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o),[1] upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section

[1] In relevant part, 28 U.S.C. § 994 (o) states: "The Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section."

3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c) (2006).

The applicable policy statement provides as follows:

(a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582 is not consistent with this policy statement and thus is not authorized.

(b) In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced, except that in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

(c) Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606 and 657.

U.S.S.G. § 1B1.10 (2007).

Specifically, Gilliam argues that he was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by Amendment 516 to the United States Sentencing Guidelines. (Motion at 4.) Because Amendment 516 can be applied retroactively, Gilliam asserts that his term of

imprisonment should be reduced in accordance with that amendment. (Motion at 4-5.).

Additionally, in both his Motion and Reply, Gilliam argues that counsel should be appointed and a resentencing hearing should be scheduled where Gilliam can present mitigating evidence, (Motion at 9, Reply at 4).

*III. Analysis*

At the onset, this court recognizes that it is authorized, under 18 U.S.C. § 3582(c)(2), to modify Gilliam's sentence after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable. It must be noted, however, that both the language of 18 U.S.C. § 3582(c)(2) and precedent indicate that this court's power to reduce a sentence is discretionary. *See generally United States v. McHan*, 386 F.3d 620 (4th Cir. 2004); *United States v. Fletcher*, 74 F.3d 49 (4th Cir. 1996). Furthermore, a sentencing under 18 U.S.C. § 3582(c)(2) does not constitute a de novo sentencing. *See United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). Therefore, in determining the amended guideline range, this court will only make changes to the corresponding guideline provision, which is affected by Amendment 516, and all other guideline application decisions will remain unaffected.[2] *See* U.S.S.G. § 1B1.10, comment. (n.2) (2006).

Prior to Amendment 516, each plant was treated as the equivalent of one kilogram of dry marijuana, as long as the offense involved 50 or more plants. *See*

---

[2] Therefore, Gilliam's argument that there are errors in the government's previous calculations will not be visited, (Motion at 2-3).

U.S.S.G. § 2D1.1(c), comment. (backg'd) (1994). Since Amendment 516 became effective on November 1, 1995, each marijuana plant is treated as the equivalent of 100 grams of dry marijuana, unless the actual weight is greater. *See* U.S.S.G. § 2D1.1(c), n.(E) & comment (2006). Based on Amendment 516, Gilliam's total responsibility for 3,298.53 kilograms of marijuana would be adjusted to 598.53 kilograms of marijuana. *See* PSR at ¶ 44.

As such, had Amendment 516 been in effect at the time of Gilliam's sentencing, Gilliam's total offense level would have been 37 and his guidelines range would have been 262-327 months, instead of 360 – Life. *See* U.S.S.G. § 2D1.1(c) (2006). Because Gilliam's sentencing range has been lowered under Amendment 516, this court will consider the relevant statutory factors to determine whether a reduction of his sentence is consistent with the policies of the sentencing commission.

The section 3553(a) factors relevant to this case include: "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and to serve the goals of deterrence and rehabilitation; the applicable policy statements issued by the Sentencing Commission; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See generally* 18 U.S.C. § 3553(a) (2006).

Based on the filings and the evidence of record, the court is of the opinion that a term of imprisonment of 295 months would have been imposed had Amendment 516 been in effect at the time the defendant was sentenced. The court

is also of the opinion that the reasons provided by the United States Sentencing Commission for Amendment 516 are compelling and require a reduction to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* U.S.S.G. § 1B1.10, comment. (backg'd.). The court feels that this sentence is sufficient to reflect the seriousness of the offense, as detailed above, and to promote respect for the law and to provide just punishment. The defendant was not the actual organizer, but certainly was a leader in the criminal activity involved, and the court feels this sentence adequately accounts for Gilliam's culpability, (Sentencing Hearing Transcript, at 11:16-22, Aug. 23, 1991). The court also believes that this sentence will serve the goals of deterrence and rehabilitation. A sentence of 295 months is sufficient to provide the defendant with time to change his outlook on life and to deter the defendant from committing the same offenses upon return to society.

Lastly, Gilliam's Motion for Counsel and a Resentencing Hearing is hereby denied. It is well settled that a criminal defendant has no right to counsel beyond his first appeal. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)) (quotations omitted). A motion pursuant to § 3582(c) "'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (citing *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999)). Furthermore, a judge need not hold a hearing when considering a Section 3582(c) motion. *Legree*, 205 F.3d at 730 (citing *Tidwell*, 178 F.3d at 949). According to Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence is not required when "the proceeding involves the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c)."

*IV. Conclusion*

For the foregoing reasons, the defendant's Motion for Modification of Sentence is granted and defendant is hereby resentenced to a term of imprisonment of 295 months. Further, the defendant's Motion to Appoint Counsel and Motion for a Resentencing Hearing is denied.

An appropriate order will be entered.

**ENTERED:** This 26 day of September 2007.

THE HONORABLE GLEN M. WILLIAMS
SENIOR UNITED STATES DISTRICT JUDGE